NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2682
_____

UNITED STATES OF AMERICA

v.

NICHOLAS LATTANZIO,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-15-cr-00446-001)
District Judge:  Honorable Kevin McNulty

Submitted Under Third Circuit L.A.R. 34.1(a)
June 11, 2019

BEFORE:  JORDAN, BIBAS, and NYGAARD, *Circuit Judges*

(Opinion filed: December 2, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

NYGAARD, *Circuit Judge.*

Following Appellant Nicholas Lattanzio's assurances that he would conservatively invest and carefully manage their money, BCM Energy, Inc. and HEI Investments, LLC trusted Appellant with nearly two million dollars. He used the money instead to cover his personal expenses. A jury found Appellant guilty of two counts of wire fraud. The District Court denied post-trial motions by Appellant for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), or in the alternative for a new trial pursuant to Federal Rule of Criminal Procedure 33. Lattanzio raises one issue on appeal, that is whether the District Court abused its discretion by admitting evidence of Lattanzio's extravagant lifestyle which he contends was unduly prejudicial.

Lattanzio argues that the District Court's decision failed to comply with Federal Rule of Civil Procedure 403 because the District Court conducted an analysis "in the abstract."[1] He also alleged the ruling did not properly weigh the potential prejudice of the evidence and its relevance. We disagree and will affirm.

The District Court's balancing of the probative value and the prejudice of evidence in the context of Rule 403 deserves "substantial deference."[2] Judge McNulty properly concluded that the spending evidence had significant probative value in proving Lattanzio's material misrepresentations and his attempt to defraud the investor companies. This outweighed the minimal potential for any unfair prejudice.

---

[1] Appellant's Br. 33.
[2] *United States v. Gatto*, 924 F.2d 491, 500 (3d Cir. 1991) (quoting *McQueeny v. Wilmington Trust Co.*, 779 F.3d 916. 922 (3d Cir. 1985)).

2

That position was not an abuse of his considerable discretion. The District Court held that the government had a "significant burden of showing that the [appellant] didn't intend to honor [his] representations"[3] and that he lied about where the money had gone. Therefore, the evidence that Lattanzio spent the investor companies' money on his personal expenses is very probative of Appellant's intention to defraud them. Moreover, the District Court weighed the potential impact of the evidence on fairness to Lattanzio, its prejudice to him, and the possibility that the jurors had a "prejudice against wealthy people."[4] After doing so it concluded that the evidence had significant probative value.

The District Court's analysis was not in the abstract as Lattanzio argues. It carefully and painstakingly reviewed the parties' briefs, oral argument, the challenged exhibits, and the proffered evidence before it denied the motions and determined that the evidence was indeed admissible.

For all of these reasons, we will affirm.

---

[3] R. at 132.
[4] R. at 133.